K8KKBANP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              20 CR 412 (AT)
                                             Telephone Conference

STEPHEN BANNON,

               Defendant.

------------------------------x

                                                New York, N.Y.
                                                August 20, 2020
                                                4:08 p.m.

Before:

                    HON. STEWART D. AARON,

                                         Magistrate Judge

                              APPEARANCES

AUDREY STRAUSS,
    Acting United States Attorney for the
    Southern District of New York
NICOLAS T. ROOS
ALISON G. MOE
    Assistant United States Attorneys

QUINN EMANUEL URQUHART & SULLIVAN LLP
    Attorneys for Defendant
BY:  WILLIAM BURCK
    DANIEL KOFFMANN


ALSO PRESENT:  MOHAMMED AHMED, Pretrial Services (SDNY)

1                (The Court and all parties appearing telephonically)

2                (Case called)

3                MR. ROOS:  Good afternoon.  Nicolas Roos and Alison

4     Moe for the United States.

5                MR. KOFFMANN:  Good afternoon.  This is William Burck

6     and Daniel Koffmann of Quinn Emanuel for the defendant,

7     Mr. Stephen Bannon.

8                THE COURT:  Good afternoon.  I'm Magistrate Judge

9     Aaron.

10               We are in the midst of the COVID-19 pandemic, and I'm

11    conducting this proceeding pursuant to the authority provided

12    by Section 15002 of the CARES Act and the standing orders

13    issued by Chief Judge McMahon of this court pursuant to that

14    act.

15               Counsel are appearing by telephone, both counsel for

16    the government and counsel for the defense; and the defendant,

17    Mr. Bannon, is appearing by video, with an audio feed as well.

18               Before I move forward, I just want to make sure,

19    Mr. Bannon:  Are you able to hear me okay?

20               THE DEFENDANT:  Yes, I am.

21               THE COURT:  Thank you.

22               And counsel for the government, are you able to hear

23    me?

24               MR. ROOS:  Yes, your Honor.

25               THE COURT:  And defense counsel, are you able to hear

K8KKBANP

1  me?
2         MR. KOFFMANN:  Yes, your Honor.
3         THE COURT:  Okay.
4         I should note that the telephone line is open to the
5  press and the public.  I want to remind everyone of the general
6  prohibition against photographing, recording and rebroadcasting
7  of court proceedings.  Violations of these prohibitions may
8  result in sanctions, including removal of court-issued media
9  credentials, restricted entry to future hearings, denial of
10 entry to future hearings, or any other sanctions deemed
11 necessary by the Court.
12        I have received several documents that I want to go
13 through preliminarily.
14        First, I have received a notice of appearance of
15 Mr. Burck and Mr. Koffmann, of Quinn Emanuel, on behalf of
16 Mr. Bannon, which I have taken note of, and they're
17 participating on this call.
18        Next, I received a document entitled "Consent To
19 Proceed By A Videoconference," and I just want to be sure that
20 we properly advise Mr. Bannon with respect to this form.
21        The only thing that this form has on it at the moment
22 is the caption and a signature of Mr. Koffmann, and there are
23 no boxes checked as to what proceedings he's consenting to, so
24 I just want to be sure that we're all on the same page.
25        So, Mr. Koffmann, did you or Mr. Burck speak with

1   Mr. Bannon about consenting to proceed in this manner -- that
2   is, by videoconference -- with respect to the initial
3   appearance, which is what we're here for?  I believe we're also
4   here for arraignment and also at least potentially for a bail
5   hearing unless the parties have agreed on that.
6           So, Mr. Koffmann, did you discuss that with your
7   client, Mr. Bannon?
8           MR. KOFFMANN:  Yes, your Honor, I did.
9           THE COURT:  And, Mr. Bannon, do you consent to
10  proceeding by videoconference for all of those purposes?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  Do I have your permission to sign your
13  name on this form?
14          THE DEFENDANT:  Yes.
15          THE COURT:  All right.  So I will do that, and I will
16  also sign the form myself, indicating that the proceeding is
17  conducted by reliable videoconferencing technology.
18          The next document I have is entitled "Waiver Of Right
19  To Be Present At Criminal Proceeding."  It's somewhat
20  redundant, in all candor, of the prior form, but, nevertheless,
21  it's a waiver.
22          On this form, Mr. Koffmann, you've signed as the
23  defendant, which is okay.  I'm going to construe that as that
24  you discussed this form with Mr. Bannon and you were signing
25  the document on his behalf.

1       Am I right?
2       MR. KOFFMANN:  Yes, your Honor, that's exactly right.
3  I was told that I would be signing on behalf of Mr. Bannon, and
4  so that's what I did.
5       THE COURT:  Okay, perfect.
6       So, Mr. Bannon, again, you waive your right to be
7  present here in the courtroom for purposes of your arraignment
8  and any bail hearing; am I right?
9       THE DEFENDANT:  That's correct, your Honor.
10      THE COURT:  Very well.  I'm going to approve that
11 document as well.
12      May I please have the date and time of arrest.
13      MR. ROOS:  Yes, your Honor.
14      The defendant was arrested this morning, approximately
15 7:15 a.m., on a yacht off the coast of Connecticut, and he was
16 transported to the district, arrived in the district about
17 several hours later.
18      THE COURT:  All right.
19      Mr. Bannon, I'm now going to explain what the nature
20 of these proceedings are.
21      You're here because you're charged with certain crimes
22 by an indictment.  The indictment contains two counts,
23 conspiracy to commit wire fraud and conspiracy to commit money
24 laundering, and these were in connection with an online
25 crowdfunding campaign ultimately known as "We Build The Wall."

The purpose of today's proceeding is to advise you of certain rights that you have, inform you of the charges against you, and then, finally, to consider what conditions, if any, you should be released on pending trial.

I'm now going to explain certain constitutional rights that you have.

You have the right to remain silent. You are not required to make any statements. Even if you've already made statements, you are not required to make any further statements. Any statements you do make can be used against you.

You have the right to be released, either conditionally or unconditionally, pending trial unless I were to find that there were no conditions that would reasonably assure your presence at future court appearances and the safety of the community.

If you are not a United States citizen, you have the right to request that a government attorney or a law enforcement official notify a consular office from the country of origin that you have been arrested. In some cases, a treaty or other agreement may require the United States Government to give that notice whether you request it or not.

You have the right to be represented by an attorney during all court proceedings, including this one, and during all questioning by the authorities. As I noted already, you

1  have very able counsel that you have representing you here
2  today.
3          Do you understand the rights as I've just explained
4  them?
5          THE DEFENDANT:  Yes, your Honor.
6          THE COURT:  All right.
7          So, a grand jury here in the Southern District of New
8  York has returned the indictment against you that I referred to
9  earlier, charging you with certain offenses.
10         Let me ask defense counsel:  Have you reviewed the
11 indictment with your client?
12         MR. KOFFMANN:  Yes, your Honor, we have.
13         THE COURT:  Do you waive its public reading?
14         MR. KOFFMANN:  We do, your Honor.
15         THE COURT:  All right.
16         Is your client prepared to enter a plea to the
17 indictment at this time?
18         MR. KOFFMANN:  Yes, your Honor.  Not guilty.
19         THE COURT:  All right.
20         So I am going to indicate on the bail disposition form
21 that the defendant was arraigned and enters a plea of not
22 guilty.
23         I'll next hear from the government with respect to its
24 position on bail, detention, or release.
25         MR. ROOS:  Yes, your Honor.

K8KKBANP

        The parties have reached an agreement on conditions for release. And if it works for your Honor, I'll indicate what those are, and then can give defense counsel an opportunity to weigh in if I've got anything incorrect.

        THE COURT: Yes, I would like you to state them for the record, please.

        MR. ROOS: The conditions are:

        A bond in the amount of $5 million, secured by $1.75 million -- that is, $1,750,000 -- in cash or real property;

        Two financially responsible persons as cosigners; pretrial supervision as directed;

        Travel restricted to the Southern and Eastern Districts of New York; my understanding is the defendant will be residing in D.C., so D.C., Maryland and the Eastern District of Virginia; I understand the defendant needs to go to Connecticut for work, so the District of Connecticut; and then points in between his place of his residence and the Southern District for purposes of travel to court; no international travel; surrender of travel documents, and no new applications; no use of private air travel, airplanes or private yachts or boats without the express permission of the Court;

        No contact with codefendants or other people associated with "We Build The Wall" except in the presence of counsel;

1          Finally, no raising money on behalf of "We Build The
2     Wall" or moving money in or out of "We Build The Wall"
3     accounts;
4          And the defendant would be released today with the
5     conditions of posting the cash or real property and the
6     cosigners within a period set by the Court.
7          THE COURT:  Okay.  I typically set one week.
8          So why don't I hear from defense counsel first with
9     respect to whether defense counsel agrees or, to be more
10    precise, whether the defendant agrees to the conditions
11    articulated by the government, and then their view on whether
12    having the remaining conditions met within a week is a feasible
13    approach.
14         MR. BURCK:  Your Honor, this is William Burck for
15    Mr. Bannon.
16         We agree with the terms as laid out by the government.
17         In terms of the amount of time we would need, we would
18    ask for two weeks just because the COVID situation is
19    sufficiently unclear that we might need a little extra time,
20    since getting the cosigners and as well as the security may
21    take just a little extra time than normal.  So we'd ask for two
22    weeks.
23         THE COURT:  So that's a reasonable request.
24         Does the government have any objection to that?
25         MR. ROOS:  No, your Honor.

K8KKBANP

1     THE COURT:  So we're going to set September the 3rd,
2  2020.
3     Let me ask pretrial services, who's on the line,
4  whether they have any comments with respect to the proposed
5  bail package.
6     MR. AHMED:  Mohammed Ahmed on behalf of pretrial
7  services, your Honor.
8     We do not have anything further to add to the
9  conditions laid out by the government and defense.
10    THE COURT:  Okay.
11    I have reviewed the pretrial services report.  I find
12 that the agreed-upon conditions of release set forth conditions
13 that reasonably assure that the defendant will appear for
14 future court appearances, and that the conditions that have
15 been proposed are consistent with the provisions of the Bail
16 Reform Act, and, for those reasons, I approve these set of
17 conditions, and I will set them forth in the bail disposition
18 form that will be entered shortly after this proceeding
19 concludes.
20    Has Judge Torres set any conference date at this
21 point?
22    MR. KOFFMANN:  Your Honor, for the defense, we are not
23 aware of anything at this point.  I don't know if the
24 government knows.
25    MR. ROOS:  Yes, your Honor.

1        For the government, as you know, the judge, for her
2 presentment and arraignment today, she scheduled an initial
3 appearance for the defendant for August 31st, 2020, at
4 1:00 p.m.
5        THE COURT:  You said August 31st?
6        MR. ROOS:  That's right, 3/1, at 1:00 p.m.
7        THE COURT:  Okay.
8        So, before I ask the parties if there is anything
9 additional they'd like to cover, Mr. Bannon, I need to advise
10 you of certain warnings.
11       If you fail to appear in court as required, or if you
12 violate any of the conditions to which you just agreed, a
13 warrant will be issued for your arrest.  You and anyone who
14 signs the bond -- I see you have two financially responsible
15 persons -- will each be responsible for paying its full
16 amount -- that's $5 million -- and you may be charged with the
17 separate crime of bail-jumping, which can mean additional jail
18 time and/or a fine.
19       In addition, if you commit a new offense while you are
20 released, in addition to the sentence prescribed for that
21 offense, you would be sentenced to an additional term of
22 imprisonment of not more than ten years if the offense is a
23 felony or not more than one year if the offense is a
24 misdemeanor.  This term of imprisonment can be executed after
25 any other sentence of imprisonment is completed.

1        While you're awaiting trial, I must also warn you not

2   to have any contact with or engage in any intimidation of

3   potential or designated witnesses or jurors, not to engage in

4   any intimidation of any court officer, not to engage in any

5   conduct that would obstruct any investigation by law

6   enforcement.

7        With that, let me ask, does the government have

8   anything else that it would like to address today?

9        MR. ROOS:  Yes, your Honor, just a few matters.

10       The first, I'll advise the Court that there is a page

11  that is posted on the U.S. Attorney's website for victim

12  notification for individuals out there who have questions about

13  the case.  That's available off the U.S. Attorney's Office of

14  the Southern District of New York's website.

15       The second matter I want to advise the Court of is

16  just to note for the record that we have discussed with defense

17  counsel a potential conflict issue.  We don't believe that has

18  any kind of effect on today's proceeding -- it certainly

19  doesn't pose an impediment to them appearing today -- and we're

20  going to continue to discuss it with them, and we'll raise any

21  issues with Judge Torres but I just wanted to put that on the

22  record.

23       Finally --

24       THE COURT:  If I can interrupt you, just so the record

25  is clear, were you saying that there's a potential conflict

1    with respect to the lawyers and/or law firm that are presently

2    representing Mr. Bannon in connection with today's proceeding?

3             MR. ROOS:  That's correct.  And we've raised it in

4    detail with them.  We have had discussions --

5             THE COURT:  It just was unclear, to me at least, what

6    you meant, but that's what I thought you meant and I just

7    wanted to clarify.  I don't need any other detail.  Certainly

8    you can provide it if you like, but I just wanted the record to

9    be clear as to the nature of the conflict that existed.  I

10   wouldn't think there would be a conflict on the government's

11   side; it would make sense it would be a conflict on the defense

12   side.

13            MR. ROOS:  Yes.  And my apologies for that.  You're

14   absolutely right, and I don't think it at this time merits any

15   further discussion.

16            THE COURT:  Okay.

17            So what's your next point?

18            MR. ROOS:  The final one is that the government would

19   move -- and I understand this is without objection from the

20   defense -- to exclude time under the Speedy Trial Act from

21   today's date until the date of the initial appearance scheduled

22   by Judge Torres.  The reasons for the application are so that

23   the parties can discuss the case, the government can begin

24   producing discovery, and the defense can review materials,

25   including any associated legal process, and so that the defense

K8KKBANP

1  has an opportunity to meet with their client.  The basis would
2  be that the ends of justice served by making such exclusion
3  would outweigh the best interests of the public and the
4  defendant in a speedy trial.
5          THE COURT:  And the defense counsel consents to that
6  exclusion of time?
7          MR. KOFFMANN:  Yes, your Honor.
8          THE COURT:  All right.
9          So, I will note that speedy trial time is excluded
10 until August the 31st, 2020.
11         Anything else from the government?
12         MR. ROOS:  No, your Honor.  Thank you.
13         THE COURT:  Thank you.
14         Is there anything that the defense would like to
15 raise?
16         MR. KOFFMANN:  No, your Honor.  Thank you very much.
17         THE COURT:  All right.  Thank you.  This matter is
18 adjourned.
19                              * * *