

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 25, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Stephen Bannon*, 20 Cr. 412 (AT)

Dear Judge Torres:

    The Government writes in response to Stephen Bannon's letter, submitted by email to the Court on February 18, 2021, requesting that the Court dismiss the Indictment against him and exonerate his bail because he was granted a pardon by President Donald J. Trump. The pardon in question was docketed by the Court on February 11, 2021. (Dkt. No. 79). For the reasons set forth below, while the Government does not object to administratively terminating Bannon from the case or exonerating his bail, the Government does oppose Bannon's request that the Indictment itself be dismissed as to him.

    As an initial matter, to the extent Bannon's motion is premised on the fact that he has not been terminated from the docket, the Government has no objection to the Clerk of the Court administratively terminating him from the case on the basis of the docketing of the pardon. Similarly, the Government has no objection to the Court entering an order exonerating Bannon's bail.

    However, the Government respectfully submits that the pardon granted to Bannon is not a basis to dismiss the Indictment against him. A pardon "is 'an executive action that mitigates or sets aside *punishment* for a crime.'" *Nixon v. United States*, 506 U.S. 224, 232 (1993) (quoting Black's Law Dictionary 1113 (6th ed. 1990)) (emphasis in original). "But the granting of a pardon," in cases where a defendant has been convicted, "is in no sense an overturning of a judgment of conviction by some other tribunal." *Id.* And for the same reason, "[b]ecause a pardon does not blot out guilt or expunge a judgment of conviction, . . . a pardon does not blot out probable cause of guilt or expunge an indictment." *In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) (holding that a pardon does not remove the defendant's disabilities caused by an indictment); *cf. United States v. Noonan*, 906 F.2d 952, 960 (3d Cir. 1990) (a presidential pardon is not a basis for expungement). In other words, a pardon "involves forgiveness, not forgetfulness," *United States v. Swift*, 186 F. 1002, 1017 (N.D. Ill. 1911). The fact that Bannon was pardoned does not extinguish the fact that a grand jury found probable cause to believe that he committed the offenses set forth in the Indictment, nor does it undercut the evidence of his involvement therein which the Government expects to elicit as part of its presentation at trial. Were the Court to dismiss the

Indictment against Bannon, it could have a broader effect than the pardon itself, among other things potentially relieving Bannon of certain consequences not covered by the pardon. *See, e.g.*, *Hirschberg v. Commodity Futures Trading Comm'n*, 414 F.3d 679, 682 (7th Cir. 2005) (pardon did not wipe out factual predicates for fraud conviction, which were considered in denying broker application); *North*, 62 F.3d at 1437 (individual was not entitled to attorneys' fees because the pardon did not remove the disability caused by the indictment); *W. Watersheds Project v. Bernhardt*, 392 F. Supp. 3d 1225, 1246 (D. Or. 2019) (pardon did not preclude the government from considering the charged criminal conduct in evaluating permit applications). Accordingly, because Bannon does not set forth any legal authority for the proposition that a court should dismiss an indictment following a pardon, and the only stated basis for his request is to "clarify" his status, the Court should deny the request.

Finally, the Court should direct Bannon to publicly file his February 18th letter on the docket. Bannon's counsel submitted the letter to the Court by email—and therefore effectively under seal—because, in his view, "Bannon should no longer be a defendant in the case." However, until the defendant is administratively terminated, he remains a named defendant and more important, Bannon's status in the case is not a basis to make his submission under seal. A letter motion such as Bannon's implicates the First Amendment right of access, which applies to "written documents submitted in connection with judicial proceedings that themselves implicate the right of access," *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987), and to "briefs and memoranda" filed in connection with pre-trial and post-trial motions, *see United States v. Gerena,* 869 F.2d 82, 85 (2d Cir. 1989); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (public also has a common law right of access to such documents). Bannon's letter motion plainly constitutes a "judicial document" because it seeks relief from the Court, and therefore is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 126. Therefore, the document should either be unsealed or, if Bannon provides an adequate justification for sealing, it will be necessary for the court to make "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* Here, there does not appear to be any justification for sealing Bannon's letter in part or in whole, and Bannon made no attempt to demonstrate otherwise. Accordingly, the Government respectfully submits that the Court should direct Bannon to file his letter on the public docket, as the Government has done with its response.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s/
Nicolas Roos
Alison G. Moe
Robert B. Sobelman
(212) 637-2421/2225/2616

Cc:   Robert J. Costello, Esq. (by ECF)