**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 1, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

 Re:   *United States v. Stephen Bannon*, No. 20 Cr. 412 (AT)

Dear Judge Torres:

 The Government writes in response to defendant Stephen Bannon's motion to dismiss the Indictment based on the pardon granted to him by President Donald J. Trump.  (Dkt. Nos. 101, 102) (hereinafter "Mem.").  The Government does not dispute that the pardon, which has been docketed by the Court, *see* Dkt. No. 79, ends the prosecution as to Bannon under Indictment 20 Cr. 412.  However, the Government respectfully submits that there is neither a need for an order dismissing the Indictment nor any authority mandating such an outcome on these facts.  Instead, the Government submits that the Court can and should direct the Clerk of Court to terminate Bannon as a defendant in this case and have the docket sheet reflect the pardon as the disposition of his charges.  If the Court is inclined to dismiss the Indictment as to Bannon, the Government respectfully submits that any order of dismissal should conform to the language and scope of the pardon.

 While—as Bannon's motion itself notes—courts have not acted uniformly in ending a case against a pardoned defendant, there is no question that the Court may simply terminate Bannon from the case based on the docketed pardon.  *See, e.g.*, *United States v. Urlacher*, No. 20 Cr. 111 (N.D. Ill. Feb. 8, 2021) (Dkt. No. 142) (terminating all motions and pending charges as to a defendant pardoned prior to being convicted); *United States v. Golestaneh*, No. 13 Cr. 160 (D. Vt. Jan. 19, 2016) (Dkt. No. 42) (docketing a presidential pardon for a defendant who had not been sentenced and notating on the docket sheet that the case against the defendant had been "terminated" and charges were disposed of by "a full pardon granted").  Moreover, where courts have entered orders dismissing the indictment, including in many of the cases cited by Bannon, those orders have generally been entered with the consent of the Government and in cases involving single defendants.  Those facts are obviously not present here, and to the contrary, the charges and forfeiture allegations remain pending as to the three co-defendants.  Notwithstanding Bannon's stated preference for an order of dismissal, his motion neither cites to any controlling authority requiring such a dismissal nor does he indicate why simply terminating him from the case would be insufficient.

Page 2

       In sum, there is no need for action beyond terminating Bannon from the docket because the presidential pardon has been docketed in this case and speaks for itself.  As Bannon's motion states, the pardon itself both creates and defines the scope of any "finality" as to which the defendant is entitled.  (Mem. at 10).  However, if the Court is inclined to grant some type of dismissal of the Indictment, the Government respectfully submits that any order of dismissal should conform to the language and scope of the pardon.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:       /s/
            Nicolas Roos
            Alison Moe
            Robert B. Sobelman
            (212) 637-2421/2225/2616

Cc:     Robert J. Costello, Esq. (by ECF)