**DAVIDOFF HUTCHER & CITRON LLP**

ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

WRITER'S DIRECT: (646) 428-3238
E-MAIL: rjc@dhclegal.com

April 8, 2021

BY ECF

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Stephen Bannon, 20 Cr. 412 (AT)</u>

Dear Judge Torres,

Stephen Bannon submits this reply to the Government's letter opposition to Bannon's Motion to Dismiss the Indictment as it pertains to him, as a result of the Full and Unconditional Pardon granted by then President Donald J. Trump.

In what can only be described as a tepid opposition to Bannon's request that this Court enter an order dismissing the Indictment, the Government states that it prefers that the case be "administratively terminated" without ever saying why that procedure is preferable or appropriate for an individual who has received an *unconditional* pardon. Obviously, the Government draws a distinction between an administrative termination and a dismissal, but never states what they believe that distinction to be. Apparently recognizing the weakness of their position, in a three paragraph opposition, the

DAVIDOFF HUTCHER & CITRON LLP

Hon. Analisa Torres
United States District Judge
April 8, 2021
Page 2

Government twice notes that: "if the Court is inclined to dismiss the Indictment as to Bannon, the Government respectfully submits that any order of dismissal should conform to the language and scope of the pardon." This request is found in the last sentence of the first and the third paragraphs of the Government's letter.

There is no explanation provided as to what the Government means by requesting that the dismissal "should conform to the language and scope of the pardon." In this reply, we will offer what we believe they intended in those two sentences.

First, we need to discuss some of the affirmative statements made by the Government that might be misinterpreted. While we agree, as the Government notes, that Courts have not acted uniformly in dismissing indictments following pardons, there is only one exception to the rule that the appropriate procedure involved with an unconditional pardon is to dismiss the indictment. We refer to *United States v. Urlacher,* 20-Cr.-111-8 (N.D. Ill. 2021) which we brought to the Court's attention in our opening brief.

The Government cites two cases, neither in this District, or in the Second Circuit, and therefore not controlling, where the indictments were administratively terminated. One of those cases, *United States v. Urlacher,* we cited in our opening brief as an exception to the general rule that dismissal is the proper procedure following an unconditional pardon. *Urlacher* was the exception because the decision to terminate the case administratively was made by the Court alone with no input from the Government or

DAVIDOFF HUTCHER & CITRON LLP

Hon. Analisa Torres
United States District Judge
April 8, 2021
Page 3

defense counsel. In addition to that case, the Government cites an older case involving a pardon granted by then President Barack Obama, in connection with the Iranian Nuclear Arms Treaty negotiations in 2016. *United States v. Golestaneh,* 13-Cr.-00160 (D. Vt., Dec. 4, 2016). As shown below, that case does not support the Government's preference because it deals with a conditional pardon which might require future activity in the case should the conditions be violated.

In the *Golestaneh* case, the defendant entered into a plea agreement and pled guilty in December of 2015. Before the defendant could be sentenced, then President Obama granted him executive clemency *with conditions*. The fact that there were conditions attached to the grant of clemency is significant, since it means that if the conditions were not fulfilled, then the pardon would be voided, and the defendant would be sentenced. The pardon specifically stated that if the conditions were violated "the Pardon may be voided in its entirety." (Golestaneh pardon, Exhibit 1). The conditions attached to the Pardon mandated that the Indictment be administratively terminated, and therefore preserved, because in the event the conditions were not fulfilled, the case would be revived and the defendant would be sentenced. An administrative termination, or more accurately a stay, is precisely the "appropriate course", as Judge Sullivan phrased it in *United States v. Flynn*, 2020 WL 7230702 (D.D.C. 2020), for when an administrative termination should be utilized rather than an outright dismissal because further proceedings were possible. That is not the case for Stephen Bannon, as there were no conditions attached to his pardon. Lastly, the Docket sheet for *Golenstaneh* simply notes

DAVIDOFF HUTCHER & CITRON LLP

Hon. Analisa Torres
United States District Judge
April 8, 2021
Page 4

"Terminated: 01/19/2016" next to the defendant's name. The disposition next to each offense notes only "a full pardon granted." There is no entry on the docket sheet after entry 42, which simply notes the "Executive Grant of Clemency." There is no indication that the Government or defense counsel consented to or even requested the administrative termination.

Simply put, the *Golenstaneh* case does not support the Government's tepid opposition to the dismissal of the indictment, rather it supports the use of an administrative termination when the pardon contains conditions that if violated would render the pardon null and void and would require further proceedings under that indictment. Such is not the case here with Stephen Bannon who has received an unconditional pardon. Using the Government's twice repeated request that this Court fashion its relief consistent with the wording of the pardon, since there are no conditions attached to this pardon, it is final. As such, the finality of dismissing the underlying indictment as to Stephen Bannon is consistent with the wording of the pardon which is unconditional and final.

Two other points raised by the Government are worth discussing. The Government makes a claim that "in *many* of the cases" cited by Bannon, the order of dismissal has been entered with the consent of the Government. First, we note the use of the word *many* rather than *all* and second, while noting that in the vast majority of the cases the Government has consented, this United States Attorney's office fails to offer a single reason why they have not consented. The Government also claims that the consent was

DAVIDOFF HUTCHER & CITRON LLP

Hon. Analisa Torres
United States District Judge
April 8, 2021
Page 5

given in cases involving single defendants. There is no explanation offered by the Government as to why the number of defendants should affect the decision to dismiss the individual who has been pardoned. More importantly, the Government is ignoring the *Zangrillo* case, formally titled as *United States v. Colburn et al.,* 19-Cr.-10080 (D.Mass. 2021), cited in our initial memorandum of law, where the pardon applied to one defendant- Zangrillo- out of nineteen defendants named in the indictment. Following the pardon, the indictment as to Mr. Zangrillo was dismissed.

The last point from the Government's opposition that should be addressed is the claim that Bannon "neither cites to any controlling authority requiring such a dismissal, nor does he indicate why simply terminating him from the case would be insufficient." In fact, we have cited to authority that demonstrates that an administrative termination would not be the "appropriate course" where, as here, you have an individual with an unconditional pardon which is a final determination and an administrative termination is not a termination at all, it is legally the equivalent of a stay.

By "controlling authority" the Government is limiting the search to the Second Circuit and U.S. Supreme Court cases which would of course be binding on this Court. Such an approach, while literally accurate, allows the Government to ignore the fact that the Third Circuit seems to be the only Circuit Court to address the legal definition and effect of an "Administrative Termination".

DAVIDOFF HUTCHER & CITRON LLP

Hon. Analisa Torres
United States District Judge
April 8, 2021
Page 6

The Government's statement that Bannon failed to "indicate why simply terminating him from the case would be insufficient" is factually incorrect. In our opening brief we stated that:

> "An 'Administrative termination' which is proposed by the Government is inadequate, as it suggests a temporary suspension that might be revived in the future. There is no future prosecution under this indictment with a pardon, Mr. Bannon will never be tried in this Court on the charges contained in this Indictment." (Bannon Memo., p.4).

The cases previously cited by us from the Third Circuit establish that an "Administrative Termination" is not a termination at all. Rather an "Administrative Termination" is more correctly referred to as a stay of the indictment, removing it from the active docket and presupposing additional activity in the future. Such a disposition would be the "appropriate course" in the case of a fugitive and in the pardon context, it would be the "appropriate course" when you have a conditional pardon that could be rendered null and void if the conditions set forth in the pardon are violated, such as in the *Golenstaneh case*. In the Bannon case, the pardon received was final because it was unconditional, and therefore the disposition of the Indictment "should conform to the language and scope of the pardon", as the Government has requested, and the appropriate disposition should be final by dismissing the Indictment solely as to Stephen Bannon, which is consistent with the six cases cited in our main brief, each one of which

DAVIDOFF HUTCHER & CITRON LLP

Hon. Analisa Torres
United States District Judge
April 8, 2021
Page 7

involved an unconditional pardon followed by the dismissal of the indictment.[1] Only the *Urlacher case,* noted in our initial memorandum as an exception to the rule, failed to dismiss the indictment and terminated the case with no input from the Government or defense counsel.

It is respectfully urged that when you have an unconditional pardon, as is the case here, the appropriate disposition is to dismiss the underlying indictment as to the individual pardoned.

Respectfully submitted

/s/ Robert J. Costello (8301)
Counsel for Stephen Bannon

RJC

cc: AUSA Nicolas Roos

---

[1] *United States v. Michael Flynn,* 2020 WL 7230702 (D.D.C. 2020); *United States v. Schaffer,* 240 F.3d 35 (D.C. Cir. 2001); *United States v. Arpaio,* 16-Cr.-01012, (D. Az. 2017); *United States v. Carter,* 20-Cr.-20222 (S.D. Fla. 2021); *United States v. Colburn et al.,* 19-Cr.- 10080 (D. Mass. 2021); *United States v. Kurson,* 20-MJ-990, (E.D.N.Y. 2021)